O’Neall, J.
delivered the opinion of the Court.
In this case the judgment of the Court will be given altogether on the first ground of appeal — all the others, not being argued, are considered as virtually abandoned.
It seems that the Judge below decided that the witness, M. H. Clarke (whose testimony was proposed to be proved, as given on the former trial, he having since died,) was incompetent, on the ground that his costs might be recovered in this very case. It is true the plaintiff may recover them as part *541 of his damages, on the ground either that he had paid them, or that he is liable to pay them. But that creates no interest in the witness. For after the recovery, he would have no more right to receive his costs, part of the damages found, than he would the rest of the verdict. The whole is found for the plaintiff, and belongs to him. The plaintiff was, and is, liable to him for his costs; and it is to him perfectly immaterial whether he recovers in this case or not.
x Rich 30_
x Greenleafon Evidence, sec. 394.’
x Bail. 308.
It is very true, in Scharlock v. Oland, it was ruled that the costs of an attorney, taxed on a judgment, entered up, could not be released by the party in whose favor it was entered. But it was never intended to rule and hold, that they could not be recovered by the plaintiff, as his damages, in a case like this, or that he might not recover them in an action of debt on the judgment, — or that they could not be by him set off. This last matter was ruled in the case of Law v. Duncan, decided last December, at this place. In legal intendment, as between the plaintiff and defendant, and persons other than the attorney himself, the costs recovered are the costs of the plaintiff. To secure the attorney from loss, the plaintiff or defendant recovering is not allowed to release or even receive his costs against his wishes. But this is a mere regulation applicable to the collection of the costs against or under th.eji.fa. It reaches no further. For when the matter becomes the subject of future action, on the record, or to be recovered by virtue thereof, then it is in the name and interest of the party; and the attorney’s rights are merged in his, and the attorney has no other redress than to look for his costs to his client.
In this point of view, therefore, there was no objection to the competency of the witness; but it is supposed the attorney, if he gave the directions to suspend the proceedings on the order for bail, would be liable over to the plaintiff. The various cases cited for the defendant do not sustain this proposition. It is very true, whenever an agent does an act whereby his principal is sought to be charged, for his, the agent’s neglect, or unskilfulness, in such a case the agent would be an incompetent witness, — for then his interest would be direct, and the record might be evidence to charge or discharge him.
But the same rule does not hold, where his interest is possible, and collateral to the issue. In such a case, he is admitted from necessity to testify. In this case this would be enough, and is fully sustained by Marshall v. Nagel & Thompson.
But it is not at all clear that the attorney is under any liability. It must be assumed, to give a coloring to his interest, that he did give the instruction; if he did, it does not follow he would be liable to his client. He might have had his or *542 ders to do so; if he had not, it might have been the exercise of just such a prudent discretion as that with which an attorney at law is always invested, in the management of a case at law. These suggestions shew how utterly vain it is to talk about there being any direct interest in the event. This record could not be evidence for or against him. For it is, in every sense, res inter alios acta. His (the attorney’s) act is not the gravamen of the action, — it is the sheriff's neglect, for which the plaintiff sues, — and he undertakes to defend himself by shewing that the plaintiff’s attorney authorized him to do the act. This is outside of the record, and it would therefore be no evidence for or against him on the issue whether he had acted right or wrong. It is true, he could give it in evidence, as a fact, that the plaintiff, if he should recover, had recovered his debt from the sheriff, but that does not arise out of his relation to the case. Any one, even the greatest stranger, to whom it might be important to shew such a fact, might give the record in evidence.
The motion is granted.
Richardson, J. — Evans, J. — Wardlaw, J. — and Frost, J. — concurred.

Motion granted,